PER CURIAM:
This is an appeal from an order of the United States District Court for the Southern District of New York, Pollack, J., which affirmed an order of the United States Bankruptcy Court for the Southern District of New York, Babitt, J., denying appellant’s motion for an order of contempt and sanctions against Robert B. Fiske, Jr., then United States Attorney for the Southern District of New York.[1] In the bankruptcy court, appellant claimed that the United States Attorney had failed to investigate or prosecute certain participants in the underlying bankruptcy proceeding, In re Hartford Textile Corp., 588 F.2d 872 (2d Cir. 1978).
Earlier, in the bankruptcy court, appellant’s counsel leveled charges of perjury and false document filing against an officer of the debtor corporation and his attorney and moved for an order of contempt against both men. On October 25, 1978, at a hearing on the contempt motion, the following occurred:
The Court: If there has been a perjury, I don’t believe contempt is sufficient, to begin with. I think you should refer the matter to the United States Attorney. I direct you to do so.
I have no jurisdiction over prosecution of a crime. I don’t believe contempt lies over that kind of a situation. I am going to direct that you refer the matter to the United States Attorney.
Mr. Shuffman: I will do so.
Appellant’s Br. at A7.
Appellant apparently interprets Judge Babitt’s remarks of October 25,1978, directing appellant’s counsel to refer his perjury and false document filing charges against debtor’s counsel to the United States Attorney, as a court order to the United States Attorney to investigate the corporate officer and his counsel. He reappeared in the bankruptcy court on February 27, 1980, *814 with a motion for contempt. This time, however, he wanted the United States Attorney held in contempt for his failure to receive and review documentation pursuant to a direction of the bankruptcy court. See Appellant’s App. at 4-6; Supp.App. at 9. Judge Babitt’s statement did not constitute such a direction or order. In denying the motion for an order of contempt Judge Babitt stated that the bankruptcy court lacked the authority to grant the relief requested, namely, ordering the United States Attorney to prosecute a particular case: “An application to the Bankruptcy Court to hold the United States Attorney in contempt for failure to discharge what the moving party thinks he should do is inappropriate in this Court. If it lies somewhere else, go to it.” Appellant’s App. at 17.
On appeal to the district court Judge Pollack correctly held that the motion in the bankruptcy court was without legal merit in that the United States Attorney was not a party to the underlying bankruptcy matter, there was no order by a court to the United States Attorney, and the United States Attorney did not violate any order of the court.
This appeal is frivolous. We consider it to be a continuation of the meritless and repetitious filings by appellant noted in In re Hartford Textile Corp., supra, 588 F.2d at 876 n.3 (Shuffman filed at least 25 motions, many of which were meritless and repetitious, increasing costs unreasonably and vexatiously), and In re Hartford Textile Corp., 613 F.2d 384, 386 (2d Cir. 1979) (Shuffman more than doubled previous output of meritless, frivolous filings including a motion for the appointment of a special prosecutor).[2]
The judgment of the district court is affirmed and double costs are awarded to the appellee.

. Rose Shuffman also appeals from an order denying her motion for rehearing and reargument of the contempt motion. In view of our decision here, we affirm the order denying that motion without comment.

. On April 17, 1981, five days before the date set for oral argument of this appeal, appellant filed a motion for recusal of the panel and for a change of venue to the District of Columbia Circuit. The motion was frivolous and it was denied. On the same day appellant filed a motion for an order striking a supplemental appendix and for the appointment of a special prosecutor. This motion was also frivolous and was denied.